UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| WILLIAM MCKINNEY,<br><br>        Plaintiff,<br>   v.<br><br>BAYER HEALTHCARE LLC,<br><br>        Defendant.<br>_____/ | No. C 09-05561 CW (MEJ)<br><br>**ORDER RE DECEMBER 23, 2010 DISCOVERY LETTERS (Dkt. Nos. 43 & 44)** |

On December 23, 2010, the parties filed a pair of joint letters raising discovery disputes. The first letter concerns Plaintiff's response to Defendant's Requests for Production Nos. 12 and 22. (Dkt. #43.) The second letter involves Defendant's response to Plaintiff's Requests for Production Nos. 80, 83, and 84. (Dkt. #44.) The Court will address each letter in turn.

**1.    Joint Letter Re: Defendant's Requests for Production Nos. 12 & 22**

Defendant's Requests for Production Nos. 12 & 22 state as follows:

> **Request No. 12**
>    All DOCUMENTS RELATING TO all compensation and benefits, including but not limited to employment, State Disability Insurance, Social Security Disability Insurance, Unemployment Insurance, Workers' Compensation, YOU received from any source for the period of August 30, 2007 to the present.
>
> **Request No. 22**
>    All DOCUMENTS that evidence, REFER or RELATE to any applications for benefits made by YOU, including but not limited to, workers' compensation, State Disability Insurance, Social Security or unemployment insurance benefits, following YOUR alleged termination by DEFENDANTS.[1]

(Dkt. #43 at 1.)

Plaintiff objects to these requests on the grounds that the information sought is irrelevant and privileged under California Evidence Code § 1040 and Unemployment Insurance Code §§ 2111 and

---

[1] In future discovery letters, the parties shall submit a copy of the discovery propounded and the response.

2714.  (*Id*. at 3-5.)

  *a.*  *Relevance*

  Turning first to the relevancy of the document requests, Defendant contends that the evidence sought by these requests is relevant to Plaintiff's claims for disability discrimination and failure to accommodate.  (*Id*. at 1-2.)  Specifically, Defendant asserts that to state a *prima facie* case for disability discrimination under FEHA, Plaintiff must prove that he can perform the essential duties of his job.  (*Id*. at 2.)  However, Defendant points out that, in order to receive SSDI benefits, Plaintiff had to show that he was unable to do his previous work and could not engage in any other kind of substantial gainful work.  (*Id*. at 1-2.)  Thus, Defendant submits that Plaintiff's representations that he was disabled are relevant to his allegations in this case that he was able to perform the essential duties of his job.  (*Id*. at 2.)  In support, Defendant proffers several cases recognizing that a plaintiff's qualification for SSDI benefits may be relevant to the plaintiff's ADA and FEHA claims.  (*Id*.)

  With respect to the documents sought in Request No. 12, Defendant contends that at least one California decision has held that disability benefits paid to a wrongfully terminated employee are a proper set-off to the employer's back pay liability.  (*Id*.)  Defendant argues that, while the Ninth Circuit has never addressed the issue, other federal circuits have held that SSDI payments may offset an employer's backpay liability.  (*Id*.)

  Plaintiff, however, maintains that his SSDI records are not relevant because they do not relate to his ability to work at any time at issue in this lawsuit.  (*Id*. at 3-4.)  According to Plaintiff, it is undisputed that at the time he was terminated, the only restriction on his work was that he remain on the day shift.  (*Id*. at 4.)  Plaintiff thus asserts that "any suggestion by Defendant that Plaintiff cannot establish that he was qualified to perform the essential functions of his job as of the date he was terminated and that Plaintiff's Social Security Disability Insurance records are necessary to such a determination is a red herring by Defendants and is made in bad faith."  (*Id*.)  Plaintiff also argues that the requested documents are not relevant to his ability to work at any time after he was terminated.  (*Id*.)  Finally, Plaintiff argues that, because he is not seeking any lost wages after

2

September 2008 – the date he was retroactively determined to have qualified for SSDI benefits – his SSDI application is irrelevant to his ability to work and to Defendant's assertion that it may seek an off-set based on Plaintiff's receipt of SSDI benefits.  (*Id.*)

The Court has carefully considered the parties' positions and finds that the information sought by Requests No. 22 is relevant to the issues of Plaintiff's alleged disability and his ability to work.  As the decisions that Defendant cites have recognized, information submitted in conjunction with disability claims may relate to a plaintiff's claim that he was otherwise able to work.

However, the Court finds that Defendant has not sufficiently demonstrated the relevancy of at least some of the documents sought in Request No. 12.  Particularly, because Plaintiff is not seeking lost wages after the date he was determined to be disabled for SSDI purposes, it is unclear how documents relating to the amount of payments he received is relevant to any off-set defense that Defendant may assert.  Accordingly, the Court **SUSTAINS** Plaintiff's objection to production of documents regarding payment of SSDI benefits.  Because neither party has addressed documents other than those relating to SSDI, the Court does not make any ruling as to the relevancy of those documents.

  b.  *Privilege*

Plaintiff also objects to the discovery requests on the grounds that the information sought is privileged and protected from disclosure.  (*Id.* at 4-5.)  Plaintiff asserts that his SSDI insurance records are protected from disclosure by the official information privilege established in California Code of Evidence section 1040, and he cites *Richards v. Superior Court*, 258 Cal. App. 2d 635 (1968), in support.  According to the language of section 1040, "[a] *public entity* has a privilege to refuse to disclose official information."  Cal. Evid. Code § 1040(a) (emphasis added).  Consistent with this language, in *Richards*, the California Department of Employment asserted it to prevent disclosure of medical records that were deemed confidential by the Unemployment Insurance Code sections 2111 and 2714.  *See Richards*, 258 Cal. App. 2d at 638 ("The privilege with which we are involved is that asserted by the Department of Employment, a public agency.").  Here, Plaintiff – rather than any public entity – seeks to assert the privilege established in Evidence Code § 1040(b).

3

Plaintiff, however, has not proffered any authority indicating that an individual is entitled to assert the privilege. Consequently, the Court **OVERRULES** Plaintiff objection **WITHOUT PREJUDICE**. If Plaintiff believes that he is entitled to assert the privilege, Plaintiff may re-assert his objection on this ground and (along with Defendant's response in a joint letter) may present a fully-developed argument to this Court, including citations to relevant authority recognizing that an individual may assert the privilege. Otherwise, Plaintiff must produce the responsive documents sought in Request No. 22.

**2.      Plaintiff's Requests for Production Nos. 80, 83, and 84**

Plaintiff's Requests for Production Nos. 80, 83, and 84 are as follows:

> **REQUEST NO. 80**
> Any and all DOCUMENTS which constitute, identify, memorialize, refer to, and/or relate to any medical information pertaining to PLAINTIFF.
>
> **REQUEST NO. 83**
> All documents that Defendant EMPLOYER considered in evaluating whether or not any disability of PLAINTIFF could or would e accommodated.
>
> **REQUEST NO. 84**
> All documents referring to, relating to, evidencing, or constituting any conversation between PLAINTIFF and any past or present employee, officer, or director of Defendant EMPLOYER regarding any disability and/or claimed disability of PLAINTIFF.

(Dkt. #44 at 1.)

In response to these requests, Defendant produced printouts of its medical file on Plaintiff, which the parties have attached as Exhibit A to the joint letter. Without citing to specific pages in Exhibit A, Plaintiff contends that Defendant unjustifiably redacted information from several pages of the medical file. (*Id*. at 2.) In response, Defendant contends that "[t]he case and medical notes at issue were, in each case, redacted to remove the identity of [Defendant's] legal counsel," and the information is therefore protected from disclosure by the attorney-client privilege. (*Id*. at 3.) Thus, like Plaintiff, Defendant merely proffers a blanket objection for the redactions at issue. Because the present briefing is insufficient to allow the Court to rule on Defendant's objections, the Court **ORDERS** as follows: Defendant shall prepare and serve upon Plaintiff a privilege log specifically listing each redaction made and the objection or privilege being asserted. *See* F. R. Civ. P.

26(b)(5)(A), (B);  If, after reviewing the privilege log, Plaintiff believes that Defendant does not have any legal basis to withhold the redacted information, the parties may raise this issue in a joint letter.  In submitting the joint letter, Defendant shall submit unredacted copies of the documents to the Court for *in camera* review.

**IT IS SO ORDERED.**

Dated: January 11, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge