IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM MCKINNEY,

      Plaintiff,

  v.

BAYER HEALTHCARE LLC and BAYER HEALTHCARE PHARMACEUTICALS, INC.,

      Defendants.
_____/

No. C 09-05561 CW

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 33)

    Plaintiff William McKinney charges his former employer Defendant Bayer Healthcare LLC with (1) disability discrimination, in violation of California's Fair Employment and Housing Act (FEHA); (2) failure to accommodate his disability, in violation of FEHA; (3) failure to engage in a good faith interactive process regarding an accommodation for his disability, in violation of FEHA; (4) retaliation, in violation of FEHA; (5) retaliation for requesting and taking leave, in violation of the California Family Rights Act (CFRA); and (6) wrongful termination in violation of public policy.  Defendant moves for summary judgment or, in the alternative, partial summary judgment.[1]  Plaintiff opposes Defendant's motion.  Defendant objects to evidence Plaintiff proffered in support of his opposition.  Plaintiff objects to evidence proffered by Defendant in support of its reply.  The

---

[1] Plaintiff's seventh claim for intentional infliction of emotional distress and his claims against Defendant Bayer Healthcare Pharmaceuticals, Inc., have been dismissed pursuant to stipulation.

motion was heard on January 27, 2011. Having considered oral argument and the papers submitted by the parties, the Court DENIES Defendant's motion for summary judgment.

Defendant argues that it is entitled to summary judgment on Plaintiff's disability discrimination claim because he was not a qualified individual and because he fails to proffer evidence of pretext. Qualified individuals are those who can perform the essential functions of a job, with or without accommodation. Nadaf-Rahrov v. Neiman Marcus Group, Inc., 166 Cal. App. 4th 952, 961 (2008). Essential functions are the "fundamental job duties of the employment position the individual with a disability holds or desires." Cal. Gov. Code § 12926(f). Although California courts have not addressed whether employers or employees have the burden to establish essential functions, the Ninth Circuit has held that, under the Americans with Disabilities Act (ADA), employers bear the burden. Bates v. United Parcel Serv., 511 F.3d 974, 991 (9th Cir. 2007). Here, Defendant has not established, as a matter of law, that working after 6:00 p.m. was an essential function of a Maintenance Supervisor. Further, Plaintiff has offered sufficient evidence of pretext. Defendant does not dispute that, although it claimed that it converted Plaintiff's job to fill a need during the swing shift, it never hired an employee for that position after he was discharged. Although Defendant may have had a legitimate reason for leaving the position open, a jury could infer from Defendant's failure to fill it that the proffered reason for transferring Plaintiff to the swing shift was pretext. Thus, summary judgment is not warranted on this claim.

Defendant's arguments concerning Plaintiff's failure to accommodate claim are unavailing for similar reasons. Defendant does not establish that Plaintiff was not a qualified individual. Further, Defendant does not establish, as a matter of law, that maintaining Plaintiff on the day shift would have been an undue burden.

Nor is summary judgment appropriate on Plaintiff's claim for failure to engage in a good faith interactive process. Although Defendant met with Plaintiff to discuss alternative positions, Plaintiff claims that Defendant did not participate in good faith because it lied to him about its ability to maintain his day shift Maintenance Supervisor position. Plaintiff offers evidence that Defendant did not inform Sullivan that he would be supervising day shift janitors until after it discharged Plaintiff, which suggests that Plaintiff could have continued in his position. This could support an inference that Defendant deceived Plaintiff and, thus, did not participate in the interactive process in good faith.

With regard to his FEHA retaliation claim, Plaintiff alleges that Defendant retaliated against him for complaining about CFRA violations and requesting an accommodation. Defendant does not dispute that these constitute protected activities, nor does it argue that Plaintiff did not suffer adverse employment actions. One day after Plaintiff complained that his position was posted for hiring while he was on leave, Defendant extended Sullivan a job offer. And after Plaintiff sought an accommodation, Russey wrote Plaintiff stating that Sullivan's hiring, in part, precipitated Plaintiff's involuntary transfer to the swing shift. This transfer

3

ultimately led to Plaintiff's discharge.  This evidence could support an inference that Defendant retaliated against Plaintiff for engaging in protected activity.  Defendant contends that temporal proximity is, as a matter of law, insufficient to create a genuine issue of fact with respect to causation.  This is incorrect.  See Villiarimo v. Aloha Isl. Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002) (stating that, "in some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity").  The cases cited by Defendant are not to the contrary.

Summary judgment is also not suitable for Plaintiff's CFRA claims.  First, Plaintiff alleges that Defendant violated CFRA by failing to reinstate him to his position.  Although Plaintiff testified that he performed the same duties following his return to work, a jury could nevertheless find that Defendant refused "to honor its guarantee of reinstatement to the same or a comparable position at the end of the leave," Cal. Code Regs. tit. 2, § 7297.2(a), based on its effort to transfer him to the swing shift.  Tomlinson v. Qualcomm, Inc., 97 Cal. App. 4th 934 (2002), is inapposite.  There, during the plaintiff's leave of absence, the defendant "implemented a company-wide reduction in work force" and terminated her employment.  Id. at 937.  This conduct fell within an exception to section 7297.2(a).  See id. at 940; Cal. Code Regs. tit. 2, § 7297.2(c)(1).  Here, however, Defendant does not offer evidence that, during Plaintiff's leave of absence, it implemented its re-configuration plan or transferred Plaintiff to the swing shift.  Thus, there is a genuine issue of fact as to whether

4

Defendant satisfied its reinstatement obligation under CFRA. Second, Plaintiff claims that Defendant retaliated against him for taking leave under CFRA. Plaintiff offers evidence that, shortly after he went on leave, Defendant posted a position that included duties he had been performing and, shortly after he returned from leave, offered that position to Sullivan, which ultimately led to Plaintiff's discharge. This evidence could support an inference that Defendant retaliated against Plaintiff for taking CFRA-protected leave.

Finally, Plaintiff offers sufficient evidence to create a genuine issue of fact with respect to his claim for punitive damages. There is evidence that Russey exercised "substantial independent authority and judgment in [his] corporate decisionmaking," which could render Defendant liable for punitive damages for his actions. White v. Ultramar, Inc., 21 Cal. 4th 563, 567 (1999). Further, as noted above, Plaintiff offers sufficient evidence to support an inference that Russey deceived him in connection with the conduct of which he complains. See Cal. Civ. Code § 3294(b).

Accordingly, Defendant's motion for summary judgment is DENIED. (Docket No. 33.) As stated during the hearing on Defendant's motion, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. (Docket No. 68.) Specifically, he is granted leave to amend to plead a claim for Defendant's alleged violation of his reinstatement rights under CFRA and a claim for punitive damages. Plaintiff has already filed his amended complaint; Defendant can rest on its current answer or it may file

5

an amended answer within seven days of the date of this Order.

The Court did not rely on evidence to which the parties objected. To the extent that it did, those objections are overruled.

A final pretrial conference is scheduled to be held on June 7, 2011 at 2:00 p.m. A seven-day jury trial is set to begin on June 20, 2011 at 8:30 a.m.

IT IS SO ORDERED.

Dated: 2/4/2011

CLAUDIA WILKEN
United States District Judge