UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| WILLIAM MCKINNEY, | No. C 09-05561 CW (MEJ) |
| Plaintiff, | **ORDER RE MARCH 16, 2011 DISCOVERY LETTERS (Dkt. No. 75)** |
| v. | |
| BAYER HEALTHCARE LLC, | |
| Defendant. | |
| _____/ | |

On March 16, 2011, the parties filed a joint discovery dispute letter concerning Plaintiff's response to Defendant's Requests for Production No. 22. (Dkt. #75.) Request No. 22 states as follows:

> **Request No. 22**
> All DOCUMENTS that evidence, REFER or RELATE to any applications for benefits made by YOU, including but not limited to, workers' compensation, State Disability Insurance, Social Security or unemployment insurance benefits, following YOUR alleged termination by DEFENDANTS.

(*Id.* at 7.)

Plaintiff objects to this request on the grounds that the information sought is privileged under California Evidence Code § 1040 and Unemployment Insurance Code §§ 2111 and 2714. (*Id.* at 2.) Specifically, Plaintiff asserts that his SSDI application records are protected from disclosure by the official information privilege established in California Code of Evidence section 1040, and he cites *Richards v. Superior Court*, 258 Cal. App. 2d 635 (1968), in support. According to the language of section 1040, "[a] public entity has a privilege to refuse to disclose official information." Cal. Evid. Code § 1040(a). Consistent with this language, in *Richards*, the California Department of Employment asserted it to prevent disclosure of medical records that were deemed confidential by the Unemployment Insurance Code sections 2111 and 2714. *See Richards*, 258 Cal. App. 2d at 638 ("The privilege with which we are involved is that asserted by the Department of Employment, a

1    public agency."). Plaintiff argues that the information sought by Defendant is subject to the official
2    information privilege and that he, in his representative capacity, may properly assert the privilege.

3      In response, Defendant argues that Plaintiff's position based on California case law is
4    misplaced because California statutory privileges are inapplicable in this case, which is based on
5    federal question jurisdiction.  Defendant further argues that there is no federal common law privilege
6    recognized as to federal government files and that, even if such a privilege were applicable, Plaintiff
7    has not made an adequate showing because there is no regulation or law maintaining the
8    confidentiality of SSDI application materials.

9      In federal question cases, privileges asserted in response to discovery requests are
10   determined under federal law, not the law of the forum state, even if allied with pendent state law
11   claims.  Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Kerr v. U.S. Dist. Court*
12   *for the Northern Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975); *Gearhart v. Solano Cnty*,
13   2008 WL 2560703, at *1 (E.D. Cal. 2008).  Federal common law recognizes a qualified privilege for
14   official information, also known as the governmental privilege. *Kerr*, 511 F.2d at 198.  The
15   application of the official information privilege is "contingent upon the competing interests of the
16   requesting litigant and subject to disclosure especially where protective measures are taken." *Id.*

17     Here, Plaintiff's argument is based entirely on California statutory privileges, which are
18   inapplicable in this case.  To the extent that Plaintiff might seek to invoke official information
19   privilege pursuant to federal common law, the party invoking the privilege must submit an affidavit
20   or declaration that contains: (1) an affirmation that the agency generated or collected the material in
21   issue and has in fact maintained its confidentiality; (2) a statement that the official has personally
22   reviewed the material in question; (3) a specific identification of the governmental or privacy
23   interests that would be threatened by disclosure of the material to the opposing party; (4) a
24   description of how disclosure subject to a carefully crafted protective order would create a
25   substantial risk of harm to significant governmental or privacy interest; and (5) a projection of how
26   much harm would be done to the threatened interests if the disclosure were made. *Miller v.*
27   *Pancucci*, 141 F.R.D. 292, 301 (C.D. Cal. 1992).  Plaintiff has made no such showing here – there is
28

2

no indication that the his SSDI application is held as confidential material by the agency, and there is no indication that disclosure subject to a protective order in this case would create a substantial risk of harm. Accordingly, the Court OVERRULES Plaintiff's objection.

**IT IS SO ORDERED.**

Dated: March 17, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge